UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MILTON BURRELL, on his own
behalf, and on behalf of those
similarly situated,

    Plaintiffs,

vs.                                         **CASE NO.** 4:16-cv-146

WAFFLE HOUSE, INC.,

    Defendant.
_____/

## C O M P L A I N T

COMES NOW, Plaintiff, MILTON BURRELL ("Plaintiff"), by and through the undersigned counsel, and sues WAFFLE HOUSE, INC. (referred to herein as "Waffle House" or "Defendant") under the Fair Labor Standards Act, and alleges:

PRELIMINARY STATEMENT

This is a collective action brought by Individual and Representative Plaintiff, Milton Burrell ("Plaintiff" or "Class Representative"), on his own behalf and on behalf of those similarly situated. Plaintiff and the putative class members are or were employed by Defendant, Waffle House, Inc. ("Defendant") and are or were

Page 1 of 8

denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

The FLSA Collective Class is made up of all persons who are, have been, or will be employed by Defendant as "cooks" during the applicable statutory period who worked in excess of forty (40) hours in a work week and earned a "GOB" ("Grill Operator Bonus") which was not included in their "time and a half" overtime pay calculation.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA").

2. Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. §1391(b) as the Defendant maintains restaurants in this district and division, and because a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

3. Defendant WAFFLE HOUSE, Inc. is a Foreign Profit Corporation doing business in Florida with its corporate headquarters located at 5986 Financial Drive, Norcross, Georgia and operates restaurants in Bay County, Florida and is registered to do business in Florida.

4. The Defendant operates restaurants throughout the United States and Florida, including restaurants in this district and division.

5. The Defendant operates in interstate commerce by, among other things, purchasing food and restaurant supplies which have been shipped to the State of Florida from other states.

6. Defendant's gross annual sales made or business done have been in excess of $500,000.00 at all relevant times.

7. At all relevant times, Defendant has, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. Plaintiff MILTON BURRELL is an adult resident of Bay County, Florida and was employed by Defendant as a cook from approximately January 16, 2016 to April 28, 2016.

9. Plaintiff has executed a Consent Form to join this collective action. (Exhibit #1).

10. Defendant employs cooks similarly situated to Plaintiff in all their restaurants and, upon information and believe, do not pay these similarly situated cooks proper overtime pay for weeks in which they worked in excess of forty (40) hours and earned a "grill operator bonus."

11. Similarly, situated employees may seek to join this case by executing an "Opt-In Form" which will be filed with the court. Employees who file such forms are "Opt-In Plaintiffs" who are then considered "Party Plaintiffs." The FLSA allows similarly situated plaintiffs to join a collective action by filing Opt-In Forms.

## FACTUAL ALLEGATIONS

12. At all times relevant herein, Defendant operated a willful scheme to deprive their cooks of proper overtime compensation under the FLSA.

13. Defendant paid Plaintiff, and those cooks similarly situated, a non-discretionary bonus called a "GOB" (grill operator bonus) if the restaurant met certain financial goals. This GOB was paid in addition to the hourly wages paid to the cooks, including Plaintiff. While

Plaintiff, and those cooks similarly situated, regularly worked in excess of forty (40) hours in a work week (see Exhibit #2 pay sheet) and were paid "time and one-half" on their hourly wages, they were not paid overtime on their GOB.  Defendant's failure to include the GOB in the "time and one-half" overtime calculation is a violation of the FLSA and resulted in Plaintiff, and those similarly situated, being underpaid the overtime wages due under the FLSA.

14. Defendant suffered and permitted Plaintiff to work more than forty (40) hours per week without proper overtime pay because the GOB was not included in the overtime pay.

15. Defendant has been aware that the GOB was not included in the overtime pay because they are the ones who create the paychecks and determine the various elements of the pay.

## COUNT I – FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

16. Plaintiffs re-allege and incorporates the above paragraphs as if fully set forth herein.

17. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

18. Defendant suffered and permitted Plaintiff, and those cooks similarly situated, to work more than forty (40) hours per week during weeks within the statutory period without paying proper overtime compensation which included the GOB in the overtime calculation.

19. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff the required overtime pay.

20. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

21. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard, of the fact that its compensation practices were in violation of these laws.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Designation of this action as a collective action on behalf of the Plaintiffs, Opt-In Plaintiffs, and FLSA Putative Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals

apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

Plaintiff does not demand a trial by jury.

DATED this 21st Day of June, 2018.

Respectfully submitted,

/s/ Sean Culliton
Sean Culliton, Esq.,
FL Bar No. 0986232
Sean Culliton, Esq., LLC
150 John Knox Road
Tallahassee, FL 32303
(850)385-9455/(813)441-1999(fax)
Sean.culliton@gmail.com

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com

*/s/ John C. Davis*
John C. Davis, Esq.
FL BAR No. 0827770
Law Office of John C. Davis
623 Beard Street
Tallahassee, FL 32303
(850)222-4770/(850)222-3119(fax)
john@johndavislaw.net

*Attorneys for Plaintiffs*